Veronica **FISHER**

v.

**BENEFICIAL FINANCE COMPANY OF HOXSIE.**

**Civ. A. No. 4985.**

United States District Court, D. Rhode Island.

Sept. 12, 1974.

896

Gary Yesser, R. I. Legal Services, Inc., Providence, R. I., for plaintiff.

Thomas D. Gidley, Hinckley, Allen, Salisbury & Parsons, Providence, R. I., for defendant.

## OPINION

DAY, District Judge.

This is a civil action arising out of a loan of the sum of $320.70 made by the defendant Beneficial Finance Company of Hoxsie to the plaintiff, Veronica Fisher.

The plaintiff in the first count of her complaint alleges that the defendant, in connection with said loan, violated the provisions of the "Truth-in-Lending Act" (Consumer Credit Protection Act, 82 Stat. 146), 15 U.S.C. § 1601 et seq., and certain Regulations adopted by the Federal Reserve Board pursuant thereto. In the second count of said complaint the plaintiff alleges that the defendant in making said loan violated the provisions of the Small Loan Business Act, R.I.Gen.Laws § 19–25–1 et seq.

The plaintiff invokes the jurisdiction of this Court under the provisions of 28 U.S.C. § 1337, and as to said second count of her complaint, arising under the General Laws of Rhode Island, the pendent jurisdiction of this Court. In the first count of said complaint, the plaintiff seeks to recover certain alleged statutory damages plus reasonable costs, as provided in 15 U.S.C. § 1640(a); in said second count, she seeks the entry of a judgment declaring that said loan contract is void, and the return of all pay-

ments made by her in accordance therewith.

This matter is now before me upon the motions of the parties for the entry of partial summary judgments in their respective favors.

The plaintiff seeks a partial summary judgment in her favor on the following issues as to Count I of her complaint:

(1) That the disclosure form used by defendant is in violation of 15 U.S.C. § 1639(a)(7) and Section 226.8 (b)(4) of Regulation Z, in that it fails to disclose the amount or method to be used in computing default or delinquency charges payable in the event of a late instalment payment.

(2) That the Insurance Authorization form used by the defendant does not satisfy the requirements of 15 U.S.C. § 1605(b)(1) or of Section 226.4(a)(5)(i) of Regulation Z, in that said form does not clearly disclose to the borrower that insurance is not a factor in the approval of an extension of credit.

(3) That the Insurance Authorization form used by defendant does not satisfy the requirements of 15 U.S.C. § 1605(b)(2) or of Section 226.4(a) (5)(ii) of Regulation Z in that said form does not include in it the cost of the insurance and does not make that cost clear to the borrower before the insurance authorization is signed.

(4) That damages be assessed against the defendant for its violations of the Truth-In-Lending Act, pursuant to 15 U.S.C. § 1640(a) and Section 226.1(c) of Regulation Z in the amount of Two Hundred Fifty-six Dollars and Eighty-two Cents ($256.82) plus reasonable attorney's fees and costs.

Defendant, by its motion, seeks partial summary judgment in its favor on the following issues:

1. That the disclosure form used by defendant does not violate 15 U.S.C. § 1639(a)(7) or § 226.8(b)(4) of Regulation Z because there are no default, delinquency or similar charges payable in the event of late payment that need to be disclosed.

2. That the insurance authorization form used by the defendant satisfies the requirements of 15 U.S.C. § 1605(b)(1) and § 226.4(a)(5)(i) of Regulation Z, in that said form conspicuously discloses that insurance coverage is not required by the defendant.

3. That defendant satisfies the requirements of 15 U.S.C. § 1605(b)(2) and of 226.4(a)(5)(ii) of Regulation Z in that the defendant's disclosure form discloses to the plaintiff the cost of insurance before plaintiff gave specific dated and separately signed affirmative written indication of her desire for such insurance.

4. That the disclosure form used by the defendant satisfies the requirements of 15 U.S.C. § 1631 and of § 226.8(a)(2) of Regulation Z in that such form contains all of the required disclosures on one sheet which identifies the transaction.

5. That the insurance authorization form used by the defendant does not permit the inference that defendant required as a condition precedent to the loan that plaintiff purchase credit life and accident and health insurance from it or any employee, affiliate, or associate of it, in violation of Rhode Island General Laws § 19–25–28.

6. That defendant did not violate § 19–25–25 of the Rhode Island General Laws because it did not impose a finance charge in excess of the maximum permissible loan rate for the loan to the plaintiff.

I shall first consider the plaintiff's motion for a partial summary judgment in her favor on Count I. The first issue raised thereby is whether the disclosure form used by the defendant was in violation of 15 U.S.C. § 1639(a)(7) and Section 226.8(b)(4) of said Regulation Z.

15 U.S.C. § 1639(a)(7) provides as follows:

"Any creditor making a consumer loan or otherwise extending consumer credit in a transaction which is neither a consumer credit sale nor under an

open end consumer credit plan shall disclose each of the following items, to the extent applicable:

\* \* \* \* \* \*

(7) The default, delinquency, or similar charges payable in the event of late payments."

Section 226.8(b)(4) of Regulation Z states that "the amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments," must be disclosed in a credit transaction such as that involved in this action.

■ Counsel for the plaintiff correctly states in his memorandum in support of plaintiff's motion for summary judgment in her favor as to Count I that the amount of the finance charge disclosed to plaintiff was calculated by utilizing a method which assumed that plaintiff would meet her monthly payment obligation under her note on or before the due date in each instance. Plaintiff's counsel is also correct in stating that in the event that she should not meet her monthly payment obligation, the amount she is obliged to pay is increased. The defendant's Statement of Disclosure form provides as follows:

"The Actual Amount of Loan shown hereon, together with interest on unpaid balances, is repayable in successive monthly instalments and the Number and Amount of said instalments are set forth hereon. The first of said instalments is payable on the First Due Date shown hereon and each subsequent instalment on the same day of each succeeding month thereafter, the final instalment being due and payable on Final Due Date shown hereon. Each instalment shall be as shown hereon if the loan is paid according to contract; otherwise, the final instalment shall be equal to the unpaid principal balance plus charges accrued and unpaid at the time said final instalment is paid. The sum of the instalments is shown below as the TOTAL OF PAYMENTS."

Plaintiff contends that such additional charges which include only additional interest at the agreed upon rate are "default, delinquency or similar charges payable in the event of late payments" and are therefore required to be disclosed by 15 U.S.C. § 1639(a)(7) and Section 226.8(b)(4) of Regulation Z.

In my opinion this contention is without merit. Neither 15 U.S.C. § 1639(a)(7) nor Section 226.8(b)(4) of Regulation Z requires disclosure whenever the cost of credit is increased by reason of late payments. The additional interest charged at the contractual rate, in the event of a late payment, falls within the finance charges and does not constitute a default, delinquency, or similar charge.

■ A default or delinquency charge carries with it the inference that something is being charged to the borrower in addition to the regular payments required under such loan—a penalty. Thus a Federal Reserve Board interpretation of Section 226.8(b)(6), published April 30, 1973, appearing in CCH Consumer Credit Guide at para. 3566 states with respect to Section 226.8(b)(6) of Regulation Z that "prepayment penalties which require disclosure under this section . . . occur when the obligor in such a transaction is required to pay separately an *additional* (emphasis added) amount for paying all or part of the obligation before maturity." Such an additional amount, of course, would be in excess of the interest chargeable upon the unpaid balance of the principal then owed by the borrower.

If the plaintiff does make her monthly payments when due, she is only required to pay the specified rate of interest on the unpaid balance of the loan to her and nothing more. Plaintiff's contention that "if a payment is even one or two days late the cost of credit is increased" is irrelevant. Section 1639(a)(7) of 15 U.S.C. and Section 226.8(b)(4) of Regulation Z do not purport to require any disclosure whenever the cost of credit is increased by reason of the failure to pay an instalment of a loan when it is due, but do require disclosure

only when the increased cost is due to "default, delinquency, or similar charges payable in the event of late payments". Additional interest at the contracted rate when there is a late payment is neither a penalty nor a "default, delinquency or similar charge[s] payable in the event of late payments".

In my opinion the defendant has not imposed any default, delinquency or similar charges upon the plaintiff and has not violated the disclosure requirements of 15 U.S.C. § 1639(a)(7) or Section 226.8(b)(4) of said Regulation Z. Accordingly, I find this ground for the plaintiff's motion for partial summary judgment in her favor on Count I to be without merit.

As hereinbefore recited, the plaintiff also seeks a partial summary judgment in her favor declaring that (1) the Insurance Authorization form used by the defendant does not satisfy the requirements of 15 U.S.C. § 1605(b)(1) or of Section 226.4(a)(5)(i) of said Regulation Z because (1) said form does not clearly disclose to the borrower that insurance is not a factor in the approval of an extension of credit and (2) said form used by the defendant does not satisfy the requirements of 15 U.S.C. § 1605(b)(2) or of Section 226.4(a)(5) (ii) of Regulation Z in that said form does not include in it the cost of insurance and does not make that cost clear to the borrower before the insurance authorization is signed.

Section 226.4 of said Regulation Z provides in pertinent part as follows:

"Section 226.4 — DETERMINATION OF FINANCE CHARGE.

(a) General rule. Except as otherwise provided in this section, the amount of the finance charge in connection with any transaction shall be determined as the sum of all charges, payable directly or indirectly by the customer, and imposed directly or indirectly by the creditor as an incident to or as a condition of the extension of credit . . . including any of the following types of charges:

\* \* \* \* \* \*

(5) Charges or premiums for credit life, accident, health or loss of income insurance, written in connection with any credit transaction unless

(i) The insurance coverage is not required by the creditor and this fact is clearly and conspicuously disclosed in writing to the customer; and

(ii) Any customer desiring such insurance coverage gives specific dated and separately signed affirmative written indication of such desire after receiving written disclosure to him of the cost of such insurance."

If the defendant satisfied each of the above conditions, the defendant was not required to include in its finance charge the cost of the credit life and disability insurance covering the plaintiff which was written in connection with the loan involved herein.

The defendant's disclosure form on its face gave clear written disclosure to the plaintiff that insurance was not required as a condition of the loan to her, and disclosed the cost of such life and disability insurance. In bold type, directly above that portion of the disclosure form where a borrower was to sign said insurance authorization form there appears the following statement:

"The undersigned expressly states and agrees that this authorization is made voluntarily, not upon any requirement of the Lender or any of the Lender's employees and acknowledges that the taking of such insurance is entirely optional."

In my opinion the above quoted statement clearly and fully informs the borrower that such insurance is voluntary and not required by the lender as a condition of said loan.

In addition to her claim that the defendant's disclosure statement is unclear and inadequate, plaintiff contends that the context of the disclosure statement negates its language. Plaintiff stresses that when said disclosure form was pre-

sented to her for her decisions and signatures, the cost of said insurance was included therein. She contends that this fact carries with it an implication that insurance was required by the defendant.

In support of this contention, the plaintiff cites the Federal Reserve opinion letter No. 398, August 26, 1970, appearing in the CCH Consumer Credit Guide at para. 30,576 which states:

"The practice of preparing all documents with the insurance included [prior to the borrower's decision as to insurance] . . . has the practical effect of precluding the customer's free exercise of choice as to whether he wishes the insurance. . . ."

A subsequent opinion letter, No. 408, dated September 25, 1970, appearing in said CCH Consumer Credit Guide at para. 30,586, interprets said letter No. 398 in such a manner as to indicate that it spoke only of preferences and not of specific requirements.

In the instant case, the plaintiff concedes, as she must, that the cost of credit insurance was made clear to her before she authorized its purchase. The Truth-In-Lending Act, 15 U.S.C. § 1639 (b) provides as follows:

"Except as otherwise provided in this part, the disclosures required by subsection (a) of this section shall be made *before the credit is extended* and may be made by disclosing the information in the note or other evidence of indebtedness to be signed by the obligor."

Said Regulation Z requires that such disclosure must be made "before the transaction is consummated". 12 C.F.R. 226.8(a). Section 226.2(cc) of said Regulation Z further provides:

"A transaction shall be considered consummated at the time a contractual relationship is created between a creditor and a customer irrespective of the time of performance of either party."

■ Since said insurance authorization form signed by the plaintiff clearly discloses the cost of said credit insurance and recites that it was signed by her voluntarily, her motion for summary judgment in her favor on the issue of the validity of said authorization form is also denied. Bissette v. Colonial Mortgage Corporation of D. C., 155 U.S. App.D.C. 360, 477 F.2d 1245 (1973); Foster v. Maryland State Savings & Loan Association, 369 F.Supp. 843 (D.C. D.C.1974). This ruling does not preclude the plaintiff from attempting to prove, during the trial of this action, that the defendant by its conduct did actually require credit life and health insurance to be purchased as a condition of said loan contrary to the statement signed by the plaintiff in said insurance authorization form.

■ Additional issues are presented for determination by the defendant's motion for partial summary judgment in its favor with respect to the plaintiff's claim alleged in Count II of her complaint. The first of these issues is:

I. Does said insurance authorization form used by the defendant permit the inference that defendant required as a condition precedent to said loan that plaintiff, in violation of Rhode Island General Laws, Sec. 19–25–28, purchase credit life and health insurance from it or any employee, affiliate or associate of it.

Section 19–25–28 provides in pertinent part as follows:

"In addition to the interest herein provided for no further or other charge or amount whatsoever for any examination, service, brokerage, commission or other thing, or otherwise, shall be directly or indirectly charged, contracted for, or received, except as provided by Chapter 30 of Title 27 of the general laws, entitled 'Credit life insurance', and as provided by Chapter 31 of Title 27 of the general laws, entitled 'Credit accident and health insurance,' . . . No licensee shall require as a condition precedent to a loan that such insurance be purchased from or through

the licensee, or any employee, affiliate or associate of the licensee. . . . If interest or charges in excess of those permitted by this chapter shall be charged, contracted for, or received, the contract of loan shall be void and the licensee shall have no right to collect or receive any principal, interest or charges whatsoever, unless the licensee shall prove that such excess charge was the result of an accidental or bonafide error."

As hereinbefore stated, the Court finds that said authorization form clearly and conspicuously disclosed to the plaintiff that insurance coverage was entirely voluntary and did not require that such insurance be purchased from the defendant or any employee, affiliate or associate of the defendant. Similarly, with respect to Count II of plaintiff's complaint, this conclusion does not preclude the plaintiff from attempting to prove, during the trial of this action, that the defendant by its conduct did require as a condition precedent to said loan that such insurance be purchased from or through itself, or some employee, affiliate or associate of it in violation of said Section 19–25–28 of the General Laws of Rhode Island.

The second issue raised by the defendant's motion for partial summary judgment in its favor with respect to plaintiff's claim alleged in Count II is:

II. Did the defendant violate the provisions of Section 19–25–25 of the General Laws of Rhode Island because it imposed a finance charge in excess of the maximum permissible loan rate for its loan to the plaintiff?

Section 19–25–25 of the General Laws of Rhode Island permits the defendant to charge an interest rate of two and one-half per cent (2½%) per month on loans exceeding three hundred dollars ($300), but not exceeding eight hundred dollars ($800). The loan disclosure form stipulated by the parties to have been signed by the plaintiff to obtain her loan, indicates that the plaintiff was charged two and one-half per cent (2½%) per month on the unpaid balance of said loan. The only possible set of facts to support plaintiff's claim that the defendant violated the provisions of said Section 19–25–25 would exist if the defendant were required to include in its finance charge the amount of the premiums paid by the plaintiff for said credit insurance, Section 27–30–9 of the General Laws of Rhode Island provides in relevant part as follows:

"Issuance of policies.—

"(b) The premiums for individual policies of credit life insurance issued to debtors . . . whether or not written by or through any lender or other creditor . . . shall not be deemed interest or charges . . . in addition to or in excess of permitted interest or charges in connection with the loan or credit transaction."

Section 27–31–10 of said General Laws contains similar provisions with respect to credit, accident and health insurance premiums. Since such insurance premiums are not to be considered as interest under the general Laws of Rhode Island, the defendant is entitled to a ruling that it did not violate the provisions of said Section 19–25–25 of said General Laws by charging an interest rate in excess of two and one-half per cent (2½%) per month. Accordingly, its motion for partial summary judgment in its favor on this issue is granted.

Counsel for the defendant will prepare and present for entry an appropriate order in conformity with the conclusions hereinbefore recited.